IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JESSE JOSEPH VASQUEZ,

    Petitioner,                          No. CIV S-08-685 JAM CHS P

    vs.

JAMES A. YATES, et al.,

    Respondents.          FINDINGS AND RECOMMENDATIONS

                         /

## I. INTRODUCTION

Petitioner Jesse Joseph Vasquez is a state prisoner proceeding through counsel with a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. At issue is his 2005 judgment of conviction for conspiracy to transport cocaine. The petition sets forth a single ground for relief: that the trial judge erred in instructing the jury on the charged enhancement for the quantity of drugs involved, in violation of his right to due process of law.

## II. APPLICABLE LAW FOR FEDERAL HABEAS CORPUS

An application for writ of habeas corpus by a person in custody under judgment of a state court can be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. §2254(a); *see also Peltier v. Wright*, 15 F.3d 860, 861 (9th Cir. 1993); *Middleton v. Cupp*, 768 F.2d 1083, 1085 (9th Cir. 1985) (*citing Engle v. Isaac*, 456 U.S. 107, 119 (1982)).

1

This petition for writ of habeas corpus was filed after the effective date of, and thus is subject to, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Lindh v. Murphy*, 521 U.S. 320, 326 (1997); *see also Weaver v. Thompson*, 197 F.3d 359 (9th Cir. 1999).

Under AEDPA, federal habeas corpus relief also is not available for any claim decided on the merits in state court proceedings unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *see also Penry v. Johnson*, 532 U.S. 782, 792-93 (2001); *Williams v. Taylor*, 529 U.S. 362, 402-03 (2000); *Lockhart v. Terhune*, 250 F.3d 1223, 1229 (9th Cir. 2001).

The "contrary to" and "unreasonable application" clauses of §2254(d)(1) are different. Under the "contrary to" clause of §2254(d)(1), a Federal habeas court may grant the writ only if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides the case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams*, 529 U.S. at 405. As the Third Circuit has explained, "it is not sufficient for the petitioner to show merely that his interpretation of Supreme Court precedent is more plausible than the state court's; rather, the petitioner must demonstrate that Supreme Court precedent *requires* the contrary outcome." *Matteo v. Superintendent, SCI Albion*, 171 F.3d 877, 888 (3rd Cir. 1999) (emphasis in original). It is not required that the state court cite the specific controlling test or Supreme Court authority, so long as neither the reasoning nor the result contradict same. *Early v. Packer*, 537 U.S. 3, 8-9 (2002).

The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle but unreasonably applies it to the facts of the particular case. *Williams*, 529 U.S. at 410. The focus of this inquiry is whether the state court's application of clearly established Federal law is objectively unreasonable. *Id*. "[A]

federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*.

The court will look to the last reasoned state court decision in determining whether the law applied to a particular claim by the state courts was contrary to the law set forth in the cases of the United States Supreme Court or whether an unreasonable application of such law has occurred. *Avila v. Galaza*, 297 F.3d 911, 918 (9th Cir. 2002), *cert. dismissed*, 538 U.S. 919 (2003). The state court's factual findings are entitled to a presumption of correctness unless the petitioner rebuts the presumption with clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1); *Bean v. Calderon*, 163 F.3d 1073, 1087 n.3 (9th Cir. 1998).

### III.  ANALYSIS OF THE CLAIM

A detailed recitation of facts is unnecessary to this opinion. Suffice it to say, the evidence showed petitioner was involved in a drug trafficking operation that sought to bring large quantities of narcotics from Texas to Sacramento, including approximately 49 kilograms of cocaine found in a car in San Antonio in May 2002. (C049725 opinion at 1.) Petitioner was charged with conspiracy to transport cocaine for sale from one county to another noncontiguous county within the state. (*Id*. at 3.) As an enhancement, the indictment alleged that the amount of cocaine involved was more than 40 kilograms. (*Id*.) A jury found him guilty of the conspiracy and the enhancement. (*Id*.) He was sentenced to a total term of 26 years and eight months in prison, which included a 20 year enhancement for the true finding on the quantity of drugs allegation. (*Id*. at 1.)

At trial, the jury was instructed that "[e]ach member of a criminal conspiracy is liable for each act... of every other member of that conspiracy, made during the time that the person was a member, if that act... is in furtherance of the object of the conspiracy." (C049725 opinion at 8.) The jury was further instructed that "[i]n order for the weight allegation to be found true, there is no requirement that the prosecution prove that a defendant knew that the

weight of the cocaine actually being transported exceeded forty kilograms." (*Id*. at 7.) Petitioner alleges that the given instructions permitted the jury to find true the weight allegation enhancement based on a theory of strict liability, without any knowledge, intent, or *mens rea* having been proven, in violation of his right to due process of law.

On direct appeal, the California Court of Appeal rejected the claim of instructional error:

> [Under a principle of conspiracy law,] each conspirator is responsible for anything done by other members that follows in the execution of the common design as one of its natural and probable consequences. (*People v. Morante* (1999) 20 Cal.4th 403, 417.) Certainly it is a natural and probable consequence of a conspiracy to transport a large quantity of cocaine that the amount ultimately obtained for transport will exceed 40 kilograms. Thus, a conspirator in a case like this *can* be liable for a weight enhancement even if he did not intend to transport a particular quantity of the drug in question or otherwise know of the particular quantity involved."
>
> Here, the jury was properly instructed that "[e]ach member of a criminal conspiracy is liable for each act... of every other member of that conspiracy, made during the time that the person was a member, if that act... is in furtherance of the object of the conspiracy." This instruction provided a proper basis for applying the weight enhancement to defendant even if he did not know the quantity of cocaine involved exceeded 40 kilograms. Thus, he has failed to show any error in the instructions on the weight enhancement.

(C049725 opinion at 7-8 (emphasis in original).) As set forth below, this decision was not contrary to, or an unreasonable application of, any clearly established federal law as determined by the Supreme Court.

Petitioner asserts that the state appellate court erred in relying on the natural and probable consequences doctrine to affirm his conviction, because the jury was not instructed on the doctrine nor was it presented by the prosecution as part of its theory of the case. He cites *People v. Prettyman*, 14 Cal.4th 248 (1996), for the notion that "the natural and probable consequences doctrine only comes into play when a prosecutor seeks to rely on that doctrine." (Petition, P&A, p.6.) This was not the holding of *Prettyman*. Rather, in *Prettyman*, the

4

California Supreme Court held that a trial judge has a sua sponte duty to instruct on the natural and probable consequences theory in an aiding and abetting case only when the prosecution has actually relied on that theory. *Id*. at 269.  The cited Supreme Court cases *Dunn v. United States* (442 U.S. 100, 107 (1979)) and *Cole v. Arkansas* (333 U.S. 196, 201 (1948)) hold that it is a violation of due process to convict a defendant or uphold a conviction based on charges that were never brought.  These cases do not support petitioner's argument that the California Court of Appeal's decision relying on the natural and probable consequences doctrine was contrary to, or an unreasonable application of, clearly established federal law.

The gravamen of petitioner's claim concerns the interpretation of state law.  The Supreme Court has repeatedly admonished federal courts reviewing habeas petitions that they are bound by a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction.  *E.g.*, *Bradshaw v. Richey*, 546 U.S. 74, 74 (2005).  In petitioner's case, the California Court of Appeal rejected his claim.  Under California law, liability as a co-conspirator extends to acts that are the "natural and probable" consequences of the targeted offense.  *People v. Hardy*, 2 Cal.4th 86, 188-89 (1992).  There is no special intent or knowledge requirement for a true finding of a weight allegation enhancement in a drug conspiracy case.  *Id*.

Errors in the application of state law are not cognizable in federal habeas corpus proceedings.  *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).  A claim of instructional error will raise a cognizable federal claim only if the error "so infected the entire trial that the resulting conviction violates due process." *Id*. at 71-72; *see also Henderson v. Kibbe,* 431 U.S. 145, 154 (1977); *Cupp v. Nauhten,* 414 U.S. 141, 146-47 (1973).  But a petitioner may not "transform a state-law issue into a federal one merely by asserting a violation of due process." *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1997).

The Due Process Clause of the Fourteenth amendment "protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364 (1970).  There

is, however, no "clearly established federal law" on point showing that petitioner's allegations implicate the rule of *Winship* or any other principle of due process.

Petitioner cites *Staples v. United States*, 511 U.S. 600, 604 (1994) and *Mullaney v. Wilbur*, 421 U.S. 684 (1975) as support for his claim. The issue in *Staples* was whether a federal statute forbidding possession of unregistered firearms required a showing of *mens rea* in order to find a violation. 511 U.S. at 604. The Court answered the question in the affirmative. *Id*. at 619. The *Staples* decision, however, has no bearing on the particular issue raised by petitioner. *See Id*. at 619-620 ("our holding is a narrow one" and "Neither this Court nor... any other has undertaken to delineate a precise line or set forth comprehensive criteria for distinguishing between crimes that require a mental element and crimes that do not. We attempt no definition here." (internal quotation omitted)).

Nor is the holding of *Mullaney v. Wilbur* applicable. *See* 421 U.S. at 704 ("the Due Process Clause requires the prosecution to prove beyond a reasonable doubt the absence of heat of passion on sudden provocation when the issue is properly presented in a homicide case"). The state statute that was invalidated in *Mullaney* had affirmatively shifted the burden of proving the element of heat of passion, which distinguished manslaughter from murder under the statutory scheme, from the prosecution to the defendant. *Id*. at 691-92, 701. Under this burden of proof, a defendant could be convicted of murder when the evidence showed it was as likely as not that he only committed manslaughter. *Id*. at 703. The issue presented in this petition is not whether the prosecution carried its burden of proving each element of the charges, but rather, whether knowledge or intent is a required element of the weight allegation enhancement. The holding of *Mullaney* sheds no light on this question.

Under the state statutory scheme, the weight allegation enhancement at issue "shall not be imposed unless the trier of fact finds that the defendant conspirator was substantially involved in the planning , direction, execution, or financing of the underlying offense." Cal. Health & Safety Code 11370.4(a). In order to find true the weight allegation

enhancement, petitioner's jury had to find beyond a reasonable doubt that he had the specific intent to agree to conspire, had the specific intent to transport cocaine, and that he was substantially involved in the planning, direction, execution, or financing of the conspiracy and its objective. (See jury instructions, RT at 2616-19, 2623-24, 2638-40.) Thus, petitioner was not convicted without some proof of intent, as was the case in many of the cases cited in the petition. *Cf., e.g., Lambert v. California*, 355 U.S. 225, 228 (1957) (due process requires some element of knowledge or intent where criminal penalty may result from mere failure to act); *Colautti v. Franklin*, 439 U.S. 379, 390-94 (explaining that a statute providing for strict criminal liability on the part of a doctor who performs an abortion after erroneously determining that the fetus was not viable would be unconstitutional) (*overruled in part on other grounds in Webster v. Reproductive Health Services*, 492 U.S. 490 (1989)).

The Ninth Circuit has upheld enhanced penalties for distributing drugs within 1,000 feet of a school (*United States v. Pitts*, 908 F.2d 458, 461 (9th Cir. 1990) and possessing drugs with the intent to distribute in excess of certain weight limits (*United States v. Klein*, 800 F.2d 953, 955-56), without proof of a knowledge requirement. Petitioner asserts that these cases are distinguishable from the instant case because they did not involve conspiracies.

The United States Supreme Court has held that co-conspirators are only criminally liable for overt acts committed by other conspirators if the acts were reasonably foreseeable. *Pinkerton v. Unites States*, 328 U.S. 640, 645-48 (1946). In *United States v. Martinez*, the Second Circuit cited *Pinkerton* in holding that a drug conspirator should not have been sentenced based on the entire weight of drugs involved because there was no showing he was aware of the total amount involved. 987 F.2d 920, 923-24 (2nd Cir. 1993). The Second Circuit held that the "reasonable foreseeability" standard of *Pinkerton* must also be applied to drug amounts, when at issue. *Id.* at 926 (remanding to the district court for determination whether the conspirator could have reasonably foreseen the amounts of cocaine sold by his co-conspirator); *see also United States v. Jones*, 965 F.2d 1507, 1516-17 (8th Cir. 1992) (same).

Again, in order to find true the weight allegation enhancement, petitioner's jury had to find beyond a reasonable doubt that he was substantially involved in the planning, direction, execution, or financing of the conspiracy and its objective. Importantly, the drug weight enhancement at issue here would not apply to a conspirator who was not found to have been substantially involved in the trafficking. In *Martinez* and *Jones*, the Second and Eighth Circuit Courts of Appeals were concerned with the possibility of low level drug conspirators being subjected to lengthy sentences based on unknown and unforeseeable acts of large volume dealers with whom they associated. *Martinez*, 987 F.2d at 926; *Jones*, 965 F.2d at 1517. As respondent points out, this concern is not implicated by the California law at issue, which requires a conspirator to have been substantially involved in one or more aspects of the drug trafficking in order to be liable for any drug weight enhancement.

No Supreme Court case has held that California's theory of derivative liability for conspirators improperly creates criminal liability in violation of due process. The Court of Appeals cases cited by petitioner do not show the state appellate court's decision to be an unreasonable application of *Pinkerton* or any other clearly established federal law. Petitioner has not shown that the California Court of Appeal's decision upholding the jury's true finding on the drug enhancement allegation without proof of knowledge was contrary to, or an unreasonable application of, any clearly established federal law as determined by the Supreme Court. Accordingly, petitioner is not entitled to habeas corpus relief.

## V.  CONCLUSION

For all the foregoing reasons, IT IS HEREBY RECOMMENDED that petitioner's application for writ of habeas corpus be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

1  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
2  shall be served and filed within ten days after service of the objections.  The parties are advised
3  that failure to file objections within the specified time may waive the right to appeal the District
4  Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
5  DATED: June 2, 2009.

```
                          CHARLENE H. SORRENTINO
                          UNITED STATES MAGISTRATE JUDGE
```